**UNITED STATES for Use of SAW MILL SUPPLY, Inc., v. E. J. ALBRECHT CO. et al.**

**No. 2217.**

District Court, W. D. Pennsylvania.

April 19, 1943.

Beck, McGinnis & Jarvis and Robert A. Jarvis, all of Pittsburgh, Pa., for plaintiff.

Hirsch E. Soble, of Chicago, Ill., and Nicholas Unkovic and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

After directed verdict for the defendant, E. J. Albrecht Company, upon its second cause of action, the complainant has moved for a new trial.

The action related to a claimed verbal sub-contract in connection with the Johnstown Channel Improvement Project.

The court, at the close of the case, was of opinion that the evidence failed to show a contract between the parties to the action. It is beyond dispute that the parties, in such negotiations as had been entered into, contemplated that they would not be legally bound until a formal contract had been signed by them. These negotiations were between officers of the complainant and B. J. Fry, engineer of the defendant upon the work. Mr. Fry had investigated the complainant Company and had discussed with its officers provisions to be contained

in the written contract. It was definitely understood by these officers that the tentative agreement was to be submitted to the officers of defendant in Chicago and that the contract would be signed by them if the terms were approved. The complainant's officers and Fry, being eager to start the work, the complainant rendered certain services before any form of contract was received from Chicago, by which it was made apparent that their offered price for their services was too low for profit. (See testimony of Anthony Cianciulli). With this knowledge came the contract from defendant in Chicago. Complainant's officers claimed that it contained provisions not in accordance with the tentative arrangement with Mr. Fry, the engineer, notably a requirement of a performance bond in amount of $100,000, and certain certificates of insurance which, complainant contends, Fry had stated would be waived. Fry denied their testimony in this respect, as well as their testimony regarding the other disputed matters. His testimony is supported by a letter from the complainant in which it said that it expected to get a bond from the New York Casualty Company. By the evidence it appeared that the complainant's request for such a bond had been refused.

A further declaration in the letter mentioned supra, and dated November 13, 1939, follows: "This quotation is given to you with the understanding that we are not bound under any obligation to you until such time as a formal contract has been entered into between your company and ourselves."

Despite this declaration the complainant bases its suit upon its version of the oral discussion of its officers with Mr. Fry.

It was plain to the court when binding instructions were given, and still is, that the minds of the parties had never met as to the contents of the formal written contract contemplated by both of them. It is also plain that complainant had notice that Fry was not authorized to enter into an oral contract with them and waive a performance bond and insurance certificates.

In addition to these reasons, which quite justify a refusal of a new trial, it may be mentioned that the evidence as to damages was deficient. No attempt was made to prove what the actual profits would have been under the actual conditions of the work, but entire reliance was placed upon the estimate made by its officer prior to making his offer of a price for the work.

The motion for a new trial will be refused.